IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

IMPRESOS MAXIMA

**Plaintiff**

v.                                         **CIVIL NO.** 10-1618 (JAG)

FEDERAL DEPOSIT INSURANCE
CORPORATION, as Receiver of
Eurobank, Inc.

**Defendant**


## OPINION AND ORDER

GARCIA-GREGORY, D.J.


Pending before the Court is Federal Deposit Insurance Corporation's, as Receiver of Eurobank Inc., Motion to Dismiss. (Docket No. 20). For the reasons set forth below, the Court **GRANTS** the motion.

## FACTUAL AND PROCEDURAL BACKGROUND

The Office of the Commissioner of Financial Institutions of the Commonwealth of Puerto Rico ("Commissioner") closed Eurobank on April 30, 2010. As it is required by law, the Commissioner appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver of the failed bank.

On July 14, 2010, due to a suit pending before the Puerto Rico Court of First Instance against Eurobank, the FDIC sent Impresos Maxima, Inc. ("Plaintiff") a notice letter through its

Civil No. 10-1618 (JAG)                                              2

counsel of record. The letter informed Plaintiff of its right to file an administrative claim before the FDIC. It also indicated that such claim had to be submitted on or before August 4, 2010. Plaintiff never filed a proof of claim. The Claim was thus disallowed by the FDIC.

On July 7, 2010, the FDIC removed the case from the state court to this Court. (Docket No. 1).  On October 20, 2010, the FDIC filed a Motion to Dismiss. (Docket No. 19). It posits that the District Court lacks subject-matter jurisdiction because Plaintiff failed to exhaust the mandatory administrative process. Specifically, it argues that Plaintiff was properly notified by the FDIC, but it did not submit its claim by August 4, 2010, the Claim Bar Date.

Plaintiff opposed the FDIC's Motion to Dismiss. (Docket No. 26). In the motion, it avers that it was not until two days before the Claim Bar Date that it received the notification and that its case against Eurobank is a monetary damages claim. (Docket No. 29). It also avers that since the same law firm that represented Eurobank is now representing the FDIC, it is not obligated to provide the required documentation with its Proof of Claim because the FDIC, through the law firm in question, already has actual knowledge of the claim. Id.

Civil No. 10-1618 (JAG)                                                3

**ANALYSIS**

The Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), Pub. L. No. 101-73, 103 Stat. 183 §§ 101-1404, established the FDIC as the authority, as conservator or receiver, "which will succeed to all rights, titles, powers, and privileges of the insured depository institution." 12 U.S.C. § 1821(d)(2)(A). In order for the FDIC to evaluate and determine claims against a failed institution, efficiently and effectively, FIRREA established a mandatory administrative claim process, which shall be exhausted by every claimant.

The FDIC has to notify the claimant of the failed depository institution's "changing of the guard." Once the appropriate governmental entity (in the case of Puerto Rico, the Commissioner) appoints the FDIC as receiver of the failed depository institution, it has to publish a notice to the depository institution's claimants of their obligation to present their claims by a specific date in order to liquidate or conclude all pending affairs. The bar date must be at least 90 days after said notice. It has to be republished approximately one and two months, respectively, after the first publication. 12 U.S.C. § 1821(d)(3)(B). Simultaneously to the first publication, the FDIC has to mail a similar notice to any claimant shown on the failed institution's books; or within 30 days after the name and address of a claimant not appearing on

Civil No. 10-1618 (JAG)                                                4

the institution's books is known. 12 U.S.C. § 1821(d)(3)(C).
Failure to mail the notice, however, will not exempt the
claimant from exhausting the administrative process. The statute
does not provide a waiver or exception if the notice is not
mailed. Freeman v. FDIC, 56 F.3d 1394 (D.C. Cir. 1995); Accord
v. FDIC, 45 F.3d 1278, 1285 (9th Cir. 1994); Melieze v. RTC, 952
F.2d 879, 882 (5th Cir. 1992).

     The determination of whether to allow or disallow the claim
will be deemed satisfied once it is mailed to the last address
of the claimant. The address can be found on the depository
institution's books, the claim filed by the claimant, or the
documents submitted as proof of the claim. 12 U.S.C. §
1821(d)(5)(A)(iii). If the claim is disallowed, the notice has
to include a statement of each reason for the disallowance and
the procedure available for obtaining an administrative or
judicial review of the determination to disallow the claim. 12
U.S.C. § 1821(d)(5)(A)(iii).

     Due to the administrative process requirements prescribed by
FIRREA, a judicial bar has been imposed on "any claim that seeks
payment, or determination of rights from the assets of the
failed institution, for which the corporation has been named
receiver, if said process is not completed." 12 U.S.C. §
1821(d)(13)(D); Loyd v. FDIC, 22 F.3d 335 (1st Cir. 1994);
Marquis v. FDIC, 965 F.2d 1148, 1153 (1st Cir. 1992).

Civil No. 10-1618 (JAG)                                                        5

Because of subsection 1821(d)(13)(D), any claimant who does not exhaust the administrative process, will lose its rights to pursue any claim against the failed institution's assets in any court. The First Circuit explained in Marquis that this jurisdictional bar applies to three distinct kinds of claims or actions: "[1] all claims seeking payment from the assets of the affected institutions; [2] all suits seeking satisfaction from those assets; and [3] all actions for the determination of rights vis-a-vis those assets." Freeman v. FDIC, 56 F.3d 1394, 1400 (D.C. Cir. 1995)(citing Marquis).

Multiple circuits have also decided, due to the controversy arising from interpretation of subsection 1821(d)(5)(F)(ii), that even if the claim were commenced before the appointment of the receiver, claimants would have to exhaust the administrative process. It has been decided that, in order to fulfill Congress' intentions of ensuring that all claims be expeditiously and effectively managed by the FDIC, pre-receiver claims would also have to exhaust the administrative process. These claims will be suspended, not dismissed, until the administrative process is exhausted. RTC v. Mustang Partners, 946 F.2d 103, 106 (10th Cir. 1991) ("No interpretation is possible which would excuse this requirement for [claimants] with suits pending, or allow the filing of a suit to substitute for the claim process."); Marquis, *supra* (a district court has to dismiss fully a pre-

Civil No. 10-1618 (JAG)                                                        6

receiver claim if, once notified of receiver's appointment, has
not exhausted the administrative process); Brady v. RTC, 14 F.3d
998 (4th Cir. 1994) ("[p]ermitting this action to go forward
would thwart FIRREA's purpose and permit [claimant] to evade the
comprehensive administrative claims procedures envisioned by the
statute.").

     In the present case, once the FDIC was appointed receiver of
Eurobank, it sent Plaintiff a written notice through its counsel
of record, which they received on August 2, 2010. The letter
informed Plaintiff of it right to submit an administrative claim
to the FDIC. Plaintiff chose not to complete the mandatory
administrative process and file a Proof of Claim. It argues that
it complied with all the discovery requests made by Eurobank
during the judicial process before the state Court and that the
same law firm that represented Eurobank, represents the FDIC
before this Court. According to it, it cannot be reasonably
considered that the FDIC does not have all the information
regarding the claim since the FDIC is Eurobank's *alter ego*.

     Even if the Court were to agree with Plaintiff in finding
that the FDIC is a sort of doppelganger for Eurobank, the fact
that FIRREA is clear regarding the judicial bar when no Proof of
Claim has been filed, cannot be simply ignored. Plaintiff does
not deny the fact that it opted not to file a Proof of Claim and

Civil No. 10-1618 (JAG)                                                7

therefore, the Court has no alternative but to find that it does

not have jurisdiction to entertain this case.

### CONCLUSION

Given that Plaintiff failed to timely exhaust the mandatory

claims process prescribed by 12 U.S.C. § 1821(d)(13)(D), the

Court finds that it lacks subject-matter jurisdiction to

entertain the case at bar. Defendant's Motion to Dismiss is

hereby **GRANTED**. (Docket No. 19). Judgment shall be entered

dismissing the case with prejudice.


**IT IS SO ORDERED.**


In San Juan, Puerto Rico, this 10th day of May, 2011.


                                        S/ Jay A. García-Gregory
                                        JAY A. GARCÍA-GREGORY
                                        United States District Judge